Good morning, Your Honors. My name is Cameron Moraffiti. I represent the appellants Amazon.com Services and Amazon Logistics. I would like to reserve three minutes of my time for rebuttal, please. All right. Amazon is here to seek a narrow request for a temporary stay of its proceedings before the National Labor Relations Board, which are scheduled to begin in less than a month, merely until the U.S. Supreme Court issues a decision in the Trump versus Wilcox matter. We're not asking the court to decide the merits of these constitutional issues at this time, nor are we in any way trying to stop the NLRB proceedings indefinitely. Rather, the proceedings in Trump versus Wilcox raise the same exact issues that are at stake here, and all we are seeking is just a temporary stay to allow the Supreme Court to fully decide that matter. Based on the Supreme Court's latest ruling, which upheld the termination of former NLRB member Wilcox, pending further briefing, Amazon is likely to succeed on the merits of its claims, of its constitutional claims. Therefore, a stay at this time avoids forcing Amazon and the NLRB to expend resources on a process that the Supreme Court may find unconstitutional. Therefore, the balance of equities and the public interest preserve, favor preserving the status quo pending that decision. I want to ask a question just about the facts on the ground right now. Sure. And it seems to me that the agency at the moment is operating how you want it to. I mean, President Trump removed the person that he wanted to remove, so what's the... and your hearing is, as you just mentioned, a few weeks away. We have no indication that the state of affairs is going to be different at that point than they are today, so doesn't that make a big difference here in terms of you getting preliminary relief? Well, we don't know how the Supreme Court's still going to rule at this time, and that could affect the decision here, because there could be different remedies that the Supreme Court might issue under... I guess, do you disagree that the state of affairs right now is how you would prefer them to be? Not necessarily, because there is no quorum before the NLRB currently, and in any event... That's not because of the aspect that you're challenging here, the removal protection, the fact that there's no quorum. Correct, no, not addressing the quorum issue, but we're going before the NALJ in a few weeks, that our position is unconstitutionally appointed. Right at this moment where President Trump seems to have the removal powers that he wants to have. He has implemented those removal powers, yes, but those are being challenged currently before the Supreme Court. I think you need to address jurisdiction, because we have this very unique labor statute to deal with that gives you, I think, a fairly significant roadblock here. Yes, so that's according to the District Court. The District Court found that the North LaGuardia Act prevents or bars an injunction here. We believe that's an incorrect ruling, because Amazon's here to pause the proceedings that we believe are unconstitutional. We're not going after it, we're not trying to issue an injunction against any particular union or any particular employees here, whereas... I think that the problem is really just the breadth of the statutory language arising or involving or growing out of a labor dispute. Correct. How do you address that? Yes, the language, according to the case law, it's been interpreted as broadly. However, you look at the facts of all of the cases that have made rulings on the North LaGuardia Act, they involve employee disputes, they involve union disputes, and actually work stoppages and strikes, things like that. They do not involve issues like a constitutional dispute, especially a dispute where, here, there are no employees. Amazon does not employ the individuals that are at stake in this underlying unfair labor practice charge. So we believe the issues are different. The North LaGuardia Act doesn't apply here, and in fact, the Supreme Court issued an injunction to uphold the termination of Member Wilcox and the North LaGuardia Act didn't apply there. So we believe it should be the same issue. We're just simply asking a stay to allow the issues to be decided by the Supreme Court. Also, if we're barred from issuing an injunction here based on under the North LaGuardia Act, then no employer, practically speaking, could ever bring this issue up before going through the proceedings because they would be barred under the North LaGuardia Act. I mean, Congress made a decision when it passed the North LaGuardia Act to bar courts' action in this context. That could be just a consequence of what Congress did. I'm trying to figure out... I've lost my train of thought. Never mind. Go ahead. It'll depend on the way we've seen the North LaGuardia Act be implemented in practice. It applies to work stoppages and strikes, issues like that. It does not apply to constitutional issues like that that are applied here. I've remembered my question. As I was thinking about this case, and the argument that you just made was somewhat compelling to me, I was thinking about, well, don't you have other avenues to get this issue addressed? So you can do what you've done here and seek declaratory relief in a separate federal action. Can't you also get review of the constitutional issue just through the administrative proceedings because there is the ability to seek judicial review after the agency decision-making process? Yes, certainly after the process we could do that. With those two paths to getting the constitutional issue addressed, is it, you know, like, how big of a problem is it really if we conclude that under this Act Congress has precluded us from giving injunctive relief in this kind of a case? Because if we go, if we do it after the fact, then we still have the irreparable harm that we have to endure by going through the proceedings as it is. And according to the Supreme Court in Axon, like, going through the actual proceedings itself is a harm. It's an irreparable harm. Even a minor constitutional issue has been found by the Ninth Circuit to be an irreparable harm. To the extent the employer, the company, or the individual challenging the constitutional issue, if they can show that they have a likelihood of success, the Ninth Circuit has held. That alone, when alleging a constitutional issue, is irreparable harm. So by making Amazon go through the proceedings and challenge it after the fact, that would violate some of the precedent. I'm not quite sure what to make of that sentence in Axon, because of course that's a jurisdictional decision, and it seems like that sentence that you're referencing is in conflict with some things the court said in Collins. How do you reconcile those? Correct. They arguably are in conflict, and the way we would reconcile it is that Collins involved a challenge that was after the fact, like you indicated. And in that case, Collins said, if you're challenging after the fact, you need to show that you actually had causal harm, because of the judge who made that ruling. Whereas here, when we're moving proactively before the administrative proceeding, we believe Collins doesn't apply to this situation. So to address further the North LaGuardia Act, I think I just wanted to clarify again that our position is that because the Trump versus Wilcox case is currently pending, and all we're seeking is just awaiting a ruling on that, it shouldn't affect the North LaGuardia Act, any bar there. Because essentially, if we cannot test this issue now, no employer could test the issue before the NLRB. Any employer that is subject to the NLRB would arguably be barred by the North LaGuardia Act, which doesn't, it would conflict with the intent of the North LaGuardia Act. Also, according to the arguments made by the NLRB, the case law suggests that, including one from the First Circuit in Pineda, indicating that the North LaGuardia Act, the definition of labor dispute, does not encompass anything that involves labor. In fact, they said that an action for unpaid wages doesn't address it, it's not included within the North LaGuardia Act. Therefore, our position is that it, that act does not apply here at all. Also, with respect to irreparable harm, we've already addressed that our position is that there is irreparable harm just by going through the proceedings, and that the remaining elements for an injunction have been met here, because the NLRB does not challenge the constitutional issues anymore. They have effectively admitted that the issues are, they're not defending the constitutionality issues anymore, which suggests that we are likely to prevail on that issue, especially with the Supreme Court's current ruling on that subject. So, based on that... Well, that applies to the board, though, not the ALJs, right? It applies to the board, correct. They have not addressed the ALJ issue yet, but our position is that because there is a double, so with ALJs, they have to be removed for cause, but then also the, there's a second level review by an agency above that, that is also, can be, they can only be removed for cause as well. So, there's a double issue there on that one. And isn't that the only argument that you raise as to the ALJs, this double layer of protection? Correct. So, that relates back to where we started in terms of, like, what is, what is the current state of affairs mean in terms of your arguments? So, if, in fact, one of those layers has been removed because the board members aren't having the protection that the statute specified, then does your double layer argument go away? If the Supreme Court rules in that manner, it could, it could go away. And also, so the facts on the ground right now are, there are no double layer, there's no double layer of protection. Well, but we don't know how the Supreme Court's gonna rule because we could go... But we know how you're hearing, I mean, we know that the Supreme Court is not gonna rule on this before your hearing in four weeks or whatever it is, right? Correct. You would, you would agree with that? Correct, yeah, which is why we're here asking for an injunction, yes. Right, so that, but, but if that's the state of affairs right now, how, how are you entitled to preliminary relief? Because one of the issues that we've seen is that, especially, like, there's a Supreme Court case, Lucia versus SEC. In that case, the remedy was redoing the proceedings altogether. So if, if the Supreme Court says the remedy would be, like, redoing all the prior proceedings, then that would be a, that would, that would require Amazon to go through the prior proceedings that it just went through, which is what we're trying to avoid. We just want a temporary hold to see how the Supreme Court's gonna rule on this issue. I mean, I guess I understand, I just don't understand in terms of, I mean, if your hearing was a year off, then I'd understand why this issue was being pressed, but what you're hearing is four weeks away, and there's no reasonable basis to believe that anything is going to change between now and then. I mean, is there something in, in the record, or in the sort of state of the world that tells us that President Trump wants to remove some people that are involved in this situation and can't? I'm not aware of anything like that yet, but he did, he did try that, and it was challenged, and so it's still being challenged currently, so it has been stated, the decision was reversed by the DC Circuit, and it's not, that decision has been stated by the Supreme Court, so. Right, and that's the sort of the key, the key development, it seems to me, is that the Supreme Court basically said, no, he can do what he wants right now, and we're gonna make this decision, but they're, they're kind of, as you alluded to, signaling that he's likely to win that challenge, otherwise they wouldn't have stepped in and did what they did. Correct, yes, but we still don't know what remedy would issue as a result of that. Issue injunctions based on, you know, unless you're likely to prevail on the merits, right? Correct. And it looks like you're likely to prevail, you know, you're likely to get what you want a different way. Well, if, if we're likely to prevail on the merits, we can, you can issue an injunction, right? I guess my point is, it's like, it's like you've already prevailed on the merits. Yeah. But we haven't yet, because the issue is still pending. But you have, because the thing that you said bugs you, and it's a problem for Amazon, is not actually even a problem right now. Not right now, it's not. Not right now, but it could be a problem if the Supreme Court rules a way in which the remedy... Could be, could be, but is it likely to be? Unclear, which is what we're trying to... Well, unclear is usually not enough to get you an injunction. Well, the fact of going through the unconstitutional proceedings currently, by itself, is in fact a harm, according to the Supreme Court. So, going through the proceedings is a harm we're trying to avoid, because we don't know what could happen as a result of the Supreme Court. Going through the proceedings if you have a double layer of protection, which you don't. When you go to the proceedings, you won't have a double layer of protection. If the Supreme Court rules in a manner... Well, actually, when you go through, you won't have, right? They've already removed, the President's removed one of the NLRB members. It's a weird, it's a little weird, because it's just like you, you, you're losing by winning, or something, you know? It's kind of a weird thing, but it does, it is, it's odd to figure out how that can mean that you are likely to prevail on the merits, like as Judge Forrest said, like it seems like you kind of already have, and that, and it's like, that is the likely, that is likely to stay the result. Would you agree that like, if after the Supreme Court ruled, that, that you, that you could not get the relief you're asking for? And it ruled, after Supreme Court ruled, and ruled consistent with its stay, that you would not be able to get the relief you're asking for? The Supreme Court ruled... And it held that the President can remove, let's say it, it held that the President could remove the, the NLRB board members, and you, and you, and you were in front of us at that point, and you said, we, we were challenging this because of the double layer, and we'd be, we'd say, there is no double layer, right? Assuming the current proceedings hadn't, hadn't started, yes, yet, yes. Okay, so the only difference is that the Supreme Court has not yet ruled, but it has signaled the way it's going to rule, if you, if you believe that, that it granting a stay was a signal that it's, you're, that, that the, the federal government is likely to prevail on the merits on this removal issue. So I'm having trouble seeing how, how you meet your high standard for getting an injunction that you're likely to prevail on the merits. Correct, and the issue that we're, at our end, is that we, we know, we, we are under the assumption that the Supreme Court's going to rule our way on the constitutionality issues, yes. We don't know what that remedy is going to be, though. That's the issue. Is the remedy going to be severance? Is it going to be... Well, no, I mean, but that's a problem with, I mean, you got to take that up with the Supreme Court. The Supreme Court keeps saying that these things are unconstitutionally, these agencies are unconstitutionally organized, but doesn't really change anything for people. On the ground, and, and that's, I'm sympathetic to that, but that's just, we've already got a decision on that, you know, the Supreme Court's hard, so it, I mean, I'm having trouble, I'm really having trouble with the fact that you are saying that this is our problem, that the double layer protection, they don't actually have a double layer protection right now, they're, they're unlikely, it's unlikely, I have to think, I think that it's unlikely that that will continue to be, that that will ever be the case, because I have to think Supreme Court's going to rule consistent with its stay. I think, I think I would have to think that even if I didn't think that that was, but I also think that's the likely outcome. So that is your, that is your, that is your theory as to what's problematic here, and you kind of lose by having won by Wilcox having, Wilcox having lost the stay. You're, you're correct. I would just reiterate that it's possible that the Supreme Court, based on past decisions, could say the prior, prior proceedings have to be redone, because you have to appoint ALJs that are properly appointed, and that's what happened in the Lucia case. And then your view is that if they say that, then you will have been harmed by having to go to this proceeding? Once, and then again, if it has to be redone. So whether you're likely, so I'm just following that, that, whether you're likely to prevail on the merits on your, on your, we're being harmed by having to go, turns on whether, we have to not just predict whether the Supreme Court will, will rule consistent with its stay in Wilcox, but also whether the Supreme Court will then remove, will then say these proceedings have to be redone. And if, if we think the Supreme Court is likely to say these proceedings will have to be redone, then maybe you will prevail on them, you are likely to prevail on the merits in the sense that you will have been forced to go through a proceeding that was, that was harmful and, and unnecessary. Correct, and then have to be redone again, potentially. That's a lot of steps of, we have to evaluate likelihood, you know, it's, it's, it's multiple step things, I don't know. Yeah, I mean, one thing to consider is that these proceedings have been, were started in, back in April 2023, and as, and the hearing was originally going to be in July, or sorry, March of this year, and it got pushed to July, and now it's September. So we're only asking for a short stay until the Supreme Court rules, right? So it's already been delayed for quite some time, it's been a couple years, so we're not asking for much more. We just want to get clarity from the Supreme Court before we conduct these proceedings. I think I'm done with my time, thank you so much. I'll put two minutes back on the clock for your rebuttal. Thank you very much. Morning, and may it please the Court. David P. Bem for the appellees. Before I begin with my presentation, I just wanted to correct a... Which, you're the NLRB, is that right? That's correct, and the NLRB party's correct. My friend mentioned Lucia, and I just want to get that out of the way very quickly. Lucia was an appointments clause challenge. So if a official is improperly appointed, it makes sense that their actions are void. Ab initio, basically, the acts that they do are illegitimate. But this is not what we have here. We have a removal challenge, and I think Justice Thomas and his concurrence in Collins explained that the acts of an official are not presumed to be tainted because of a proper removal challenge. So the speculation we have here that the Supreme Court might order some remedy where they have to redo the proceedings doesn't hold up. It's possible, but you'd say it's highly unlikely, I guess. It would be inconsistent with everything. So if that feeds into our likelihood, it's unlikely times unlikely. Correct. Yes. One other thing that my friend mentioned is that no employer could get any kind of relief if the Norris LaGuardia Act were applied here, and I would point the court to Judge McFadden's decision in the District of Columbia where an injunction was denied on Norris LaGuardia grounds, and he promptly ruled in the employer's favor on summary judgment after expedited proceedings. So there is a path for employers to get relief in an expedited fashion if that's warranted on these types of claims. So Amazon does not meet its burden to show that the district court abused its discretion or committed legal errors in its carefully reasoned decision below. The district court first correctly concluded that the Norris LaGuardia Act stripped federal courts of jurisdiction and authority to issue injunctions in cases involving or growing out of labor disputes. We don't have an additional quorum of the board, is that right? That's correct. So who's minding the shop? How's that work? You guys just, no adult supervision or what, like what you guys just get? Who's making these decisions? Like if they were to go to you and say, why don't we just wait a couple, let's push this back again, who would make that decision? They can't go to the board and have the board make it, is that right? There are a number of delegations in effect from prior, you know, from fully constituted boards that set out procedures for the chief ALJ to decide certain procedural matters. So it would be the ALJ that would decide whether to give them an extension, so to speak? Correct. Okay. So with respect to Norris LaGuardia, the district court correctly concluded that this case involves and grows out of a labor dispute, which aligns with the text of the statute and common sense. I mean it's interesting because of course the statute, I agree with you, common sense growing out of a labor dispute, that's really broad. But then we've got some Supreme Court case law that tries to flesh that out a little bit and this weird statement about our critical question is whether the employee employment relationship is the matrix of the controversy. And so I mean there's an argument there about this constitutional question that's being raised has nothing, like nobody's going to talk about any sort of labor or anything when we talk about this constitutional question. I mean I agree with you that the opinion out of the District of Columbia seems pretty compelling but there is that Supreme Court case law about the matrix and the fact that we're just not touching at all any sort of employment relationship in deciding this constitutional question. Well I would say two things. The disputants of a labor dispute and the parties to the case don't have to be the same people at all. Yeah I agree with that. I'm more focused on just like what is the question that a court would have to be wrestling with and I don't see how the employment relationship is the matrix or is even relevant other than it's about who's going to decide a dispute about that relationship. I think it's relevant for a couple reasons. The Sixth Circuit and the Arm Code decision said if there's a but-for relationship between a labor dispute and the injunction being sought then the labor dispute is the matrix of the controversy and I suppose it's conceivable that a controversy can have multiple matrices but the other thing we need to look at here and the Fifth Circuit explained this in the Bishop case is the practical effect of the relief. They are seeking an order that delays the means by which a union can obtain recognition for its but you know as its employees bargaining representative. So we look at in this case the injunction would operate upon the employment relationship. So you know there may be some case where the case before the court is abstracted enough from the labor dispute where it can't be fairly said to be involving or growing out of it but that's that's not this case. The union is a party to this case. They are an intervener. They have rights at stake in the case. So it just doesn't pass muster to say that because they have constitutional claims it doesn't involve or grow out of a labor dispute. I would also point out in the Armco decision that was a 1983 case that involved constitutional claims and in that case the relief was there was a employer who alleged a civil rights conspiracy between the union and local officials to deprive it of its property rights and its continuing business and I think the the employer negotiated some kind of consent decree with with the sheriff to enjoin the labor dispute and the union challenged it and the court said no it doesn't it doesn't matter if you have constitutional claims and it doesn't matter that you're you know the that the parties are not the same. Counsel other than this hearing that's coming up in September are there other activities going on in the district court right now? No, not to my knowledge. So the other thing I would just say on North LaGuardia is that the Supreme Court has said that this cast a very broad net and if the union can't obtain its recognition through a legal process and there's no private right of action to do so the board is the only the only game in town then unions and employees are going to seek other more disruptive concerted activities to obtain recognition or to achieve their their economic goals and that's contrary to the policy of both North LaGuardia and the NLRA. So in considering the public interest which the court has to do you know a court certainly couldn't enjoin a strike or a work stoppage under North LaGuardia. My friend admits that and that's just what they might have if courts are regularly enjoining board processes to stop an election or to stop a board order that might eventually require the employer to bargain. And I was very clear that this was this was not something that was optional. It was enacted to deal with a specific problem and it was a problem that view the judiciary as being hostile to the interest of employees so that that policy also has to be applied here. So I will turn to the merits here and I will take issue with one other thing my friend said which is that the exact same issues pending before the Supreme Court and that's that's incorrect. So in the yes we as we laid out in the briefs they have to establish this three-part causal harm standard to make out a claim to succeed on the merits and they can't do that for a number of reasons. First of all they haven't played any facts that we showed that the president was for somehow thwarted in his ability to remove an officer and the the subsequent facts have shown that the president in fact has exercised the power of removal and the statute did not stand in the way. So they can't show that this provision that they're challenging it would actually cause them any harm. So that's a that's a question that relates both of the merits into irreparable harm because if they can't establish causation or causal harm then they certainly can't establish irreparable harm. With respect to the Axon argument, Axon says nothing about injunctive relief. It's a case about jurisdiction to consider collateral challenges to agency actions. So a here-and-now injury can be an injury that's compensable through legal remedies that are not injunctive and in fact in Collins the Supreme Court laid out the path here. It's a declaration severing the allegedly unconstitutional removal provision. And I would point out the 11th Circuit's recent Walmart decision in a case involving ALJ removal protections. They decided severance would be the appropriate remedy and this court should follow that here. Also irreparable having to participate in an agency proceeding pursuant to decades of Supreme Court case law has never been recognized as irreparable harm. FTC versus Standard Oil of California, a lead case on that. I believe also Banner Craft Clothing Company versus Renegotiation Board. So this does not fit the mold of what has been considered to be irreparable harm and constitutional harms are not per se irreparable. They've been recognized to be in certain individual rights context like privacy or First Amendment or Second Amendment, but separation of powers claims don't don't fit into that rubric. And I will just, my time is running short here, so I will briefly address the equities. An injunction stopping the board from proceeding is not harmless to the agency or to the public or to the private interests of the employees who my colleague here will speak to. You know, if we add further delays to this proceeding, it increases the likelihood that the board won't be able to administrate its proceeding, that memories will fade, that witnesses will go elsewhere, and records will be lost. I would also, as I alluded to earlier, note that we have to consider public policy as outlined in two statutes, North Guardian and NLRA, in considering the public interest. We had a reality before the NLRA. It was very disruptive. It was in some cases violent, and the court should be loath to invite going back to those days. I would also note that, you know, the private interest of employers and employees to be able to depend on their bargaining relationships and their settled expectations in economic matters would be adversely affected by an injunction here, because every employer or union could get an injunction in an LRB case. And my time's expired. Thank you, counsel. Thank you. May it please the court. Hector de Haro here on behalf of the Intervenor Teamsters Amazon National Negotiating Committee, which is a bargaining representative for thousands of Amazon employees across the country, including at the Palmdale, California facility, whose labor dispute is at the heart of this case. Before jumping into my prepared presentation, I would like to touch upon something that counsel for Amazon brought up during his argument, and that this court asked about. That, as a practical matter, there is no need for an injunction here, because Amazon has already obtained what it wants, and there is no scenario in which anything would have been different if Amazon is correct in its arguments, and there's no scenario in which Amazon will suffer harm, because as things stand, there is no scenario where Amazon will be subject to a proceeding by an individual who is protected by unconstitutional removal protections. As of right now, the only part of the NLRB that has taken any action in this case has been the General Counsel. Amazon, in its opening brief, challenges the previous General Counsel even bringing this case and the legal basis under which she brought this case. But President Trump already exercised his uncontested power to remove the last General Counsel and to appoint his own General Counsel. This General Counsel did postpone this case to consider whether to move forward with it and put it back on calendar. So President Trump has already exercised a removal of power over one part of the agency, and that agency has chosen to go forward with this case. So I asked a question earlier about the ALJ could postpone the case, it sounded like, from your colleague from the government, but are you saying that if the General Counsel, the current General Counsel, wanted to postpone it more, could the General Counsel do that or would the General Counsel have to get the ALJ to agree, or how would that, how would that work? My understanding is that the General Counsel has authority to decide whether the case even goes forward at all, and therefore... So the General Counsel could put this whole thing on pause, which they already did for a little bit. That's right, Your Honor. But it could could do more if they Yes, that's that's correct, and this General Counsel has decided to move forward with the case, despite, like you said, taking it off calendar for a while to consider it. But it's set for September and the parties are anticipating that that date's gonna hold? Yes, yes, at this point the hearing is set for September and we're anticipating it will go forward, and it will go forward under an ALJ who, as this Court has noted, is not currently under a dual layer of removal protections, because President Trump has now successfully exercised his removal power over the Board itself. And so whether or not... Can you help me with one other thing, so so the the new General Counsel came in, said it sounds like put a pause on this and delayed it for some period of time, but obviously not indefinitely. Was there an affirmative decision, what happened in the sense of, was there an affirmative decision by that General Counsel to say, yes this will go forward or is it more that the General Counsel just gave a temporary pause and then and then it kind of automatically continues? Because I assume the General Counsel is not actually the person, you know, doing the case day-to-day. So in other words, I'm just trying to figure out, is the General Counsel necessarily made a decision that the case will go forward or is it just General Counsel just not exercised their ability to further pause the case? Your Honor, I believe it might be somewhere in between that. I believe my understanding is that case was postponed and rescheduled for August. And part of the order rescheduling that case was the General Counsel saying that it's being done to give the General Counsel's office time to consider the case. And so there was no later affirmative order saying we are continuing the case. It just gave it a time-limited deferral, so to speak, and then that the time ran out on that time? Yes, that that's my recollection of the order itself. I don't have it in front of me, but that's my recollection. And so right now President Trump has also exercised his power, whether correct or incorrect, to remove board members. And the Supreme Court has made it that so that that will stay in effect. And that board member will stay off the board until the Supreme Court decides. And so one of two things will happen. Either the Supreme Court will side with the argument that the President has plenary power to remove these officials, in which case he's already exercised that power, and therefore the NLRB is already functioning in the way that he wants. Or the Supreme Court will say no, this was an improper removal, in which case there is no dual-layer protections, and the removal protections that are being challenged are not unconstitutional. It's also possible that the DC Circuit says no, and then either the government doesn't appeal, which is probably unlikely, I think, or it does attempt to seek cert, when I say appeal, seek cert, and they say in the Supreme Court, for some reason, it doesn't take it, which also seems a little bit unlikely. But there is, it's not necessary, my point is that you said there's only two possibilities, but there is actually perhaps not very likely possibility that the Court of Appeals would, and if that happened, then a ruling from us would basically create a split, possibly, right, or something like that, if we were to... A ruling on the merits in this court, yes, could create a split, but in terms of an injunction, which is, you know, what we're dealing with here, that wouldn't change the injunction analysis at all, because even in that scenario, there would be a final decision regarding the constitutionality of the removal protections, but either way, right now, the individual that the president wanted to remove is not on the board, right, and so he has acted and is currently acting as if he has that authority, and so far, the court have allowed that, so there is no individual on the board who's there, who the president wants to remove, but is not there. It kind of goes to my earlier question to your colleague, as far as like, what is the upshot of this, of this person not being on the board? It sounds like the current composition of the board is basically that it, because it doesn't have a quorum, it can't really do anything, so that the agency is, so to speak, on autopilot, right, and so I'm not sure that's what, what Amazon wants, in the sense that they want an agency on autopilot, where the, where the inmates are running the asylum, so to speak, you know, if they, they, they want, they want a board that's answerable, and they haven't really got that, right? Well, your honor, I would argue that they have gotten that, because this is what the president has decided to do, right? He could have, he could have put people up for confirmation earlier, and try to fill those vacancies earlier, but right now, this is, he has exercises authority, he is running this board to the way he believes it should be, and my time's running low, so I'll just try and hit on a couple quick points. As counsel for the NLRB mentioned, one of the key things in this case is the rights of the employees that are at the center of this. Both the Supreme Court and the federal courts have long found that delays in an employer recognizing and bargaining with a union does create irreparable harm. It drives employees away from the union, it drives employees away from the NLRB process, and even a day of delay adds to that irreparable harm. Here, Amazon hasn't shown any irreparable harm, and on the other side of that equation is this immense harm that these employees will suffer if they're not able to vindicate their rights, that thousands of other employees across the country will also receive the message that the NLRB is not there for them, and that their organizing is futile, and they might have to find other ways to vindicate their rights, and that could lead to detrimental effects on our economy and our supply chain, and my time has expired. Thank you very much, Counsel. Your Honors, I would like to clarify a couple items. The prior General Counsel was removed by the President. There hasn't been a new General Counsel appointed. There's an acting General Counsel that came in after the prior General Counsel left, so there hasn't been an actual confirmation of a new General Counsel, nor has there been... The acting General Counsel is somebody from outside the agency from this administration, or is the acting General Counsel somebody that just kind of auto-filled that from within the agency? The acting General Counsel is what came from the agency directly. Okay, the other point to clarify is that we agree that the NLRB has a strong interest in continuing the proceedings for all employees nationwide, right? But there's also an equally strong public interest in ensuring that the NLRB acts within constitutional limits, and that's all we're asking, is we just want to know, we want to get a final ruling from the Supreme Court to see what is going to happen here before we proceed with these current proceedings that are coming up soon, and our position is that if, in the event, there is a ruling, because we're all under the assumption that the Supreme Court's going to rule and uphold Wilcox's termination, but there's also a chance that Wilcox is reinstated, right? We don't know how the rulings could go, and if Wilcox is reinstated, then there is still a double layer for the ALJ. So we would go through the proceedings with a double layer on constitutional ALJ, and then potentially have to deal with this issue again. So we're just asking for a short stay to have these issues resolved. Thank you, counsel. We've got your argument. Thank you to both sides for your argument this morning. This matter is submitted, and that concludes our argument calendar for the day and for the week, so court is adjourned.
judges: NGUYEN, FORREST, VANDYKE